1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID L. MOJARRO,                    )     NO. CV 09-541-VAP (AGR)
                                     )
            Petitioner,              )
                                     )
      v.                             )
                                     )     **ORDER TO SHOW CAUSE**
SECRETARY, CALIFORNIA                )
DEPARTMENT OF                        )
CORRECTIONS AND                      )
REHABILITATION,                      )
                                     )
            Respondent.              )
_____)

18        On January 23, 2009, Petitioner filed a Petition for Writ of Habeas Corpus

19   by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  For the

20   reasons discussed below, it appears that the one-year statute of limitations has

21   expired.

22        The Court, therefore, orders Petitioner to show cause, on or before

23   ***February 26, 2009***, why this Court should not recommend dismissal with

24   prejudice based on expiration of the one-year statute of limitations.

25                                    **I.**

26                    **PROCEDURAL BACKGROUND**

27        According to the Petition, on May 21, 1998, Petitioner was sentenced to 21

28   years in state prison based on a conviction for involuntary manslaughter with a

1   firearm enhancement.  (Petition at 2 & Exh. A.)  The California Court of Appeal

2   affirmed the judgment on July 14, 1999.  (*Id.* at 2-3.)  Although the Petition

3   indicates that Petitioner did not file a petition for review, the online docket

4   indicates that the California Supreme Court denied review on October 27, 1999

5   (Case No. S081437).

6        Petitioner mailed a state habeas petition to Los Angeles County Superior

7   Court on January 4, 2005, which was denied on January 7, 2005.  (Petition at 4 &

8   Attachment A at 1-2.)  Petitioner mailed a second habeas petition to Los Angeles

9   County Superior Court on February 23, 2007, which was denied on April 25,

10  2007.  (Petition at 4 & Attachment A at 3-4.)  He filed a state habeas petition in

11  the California Court of Appeal on May 7, 2007, which was denied on May 9,

12  2007.  (Petition at 4 & Attachment A at 5.)  He filed a state habeas petition in the

13  California Supreme Court, which was denied on January 3, 2008.  (Attachment A

14  at 8.)

15       On January 19, 2009, Petitioner signed the Petition filed in this Court.

16  Petitioner's sole ground is that his upper term sentence violated *Cunningham v.*

17  *California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).  (Petition at 5

18  & Continuation Page.)

19  **II.**

20  **STATUTE OF LIMITATIONS**

21       The petition was filed after enactment of the Antiterrorism and Effective

22  Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

23  in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

24  138 L. Ed. 2d 481 (1997).

25       The AEDPA contains a one-year statute of limitations for a petition for writ

26  of habeas corpus filed in federal court by a person in custody pursuant to a

27  judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts

28  ///

1
2

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

3

### A.     The Date on Which Conviction Became Final

4
5
6

On direct appeal, the California Supreme Court denied review on October 27, 1999.  Therefore, Petitioner's conviction became final 90 days later on January 25, 2000.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

7
8
9

Absent tolling, the statute of limitations expired one year later on January 25, 2001, pursuant to 28 U.S.C. § 2244(d)(1)(A).  Thus, the Petition is time-barred unless the statute of limitations was tolled.

10
11
12
13
14
15
16

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Petitioner's first state habeas petition was not mailed until January 4, 2005, almost four years after the statute of limitations expired.  A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).

17
18
19
20
21
22
23
24
25
26
27
28

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling.  *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007).  Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.*  The extraordinary circumstances must have been the cause of his untimeliness.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control."  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  On the other hand, "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament."  *Id.*

1          The Petition does not provide any basis for equitable tolling.

2          **B.    The *Cunningham* Decision**

3          It appears that Petitioner will argue that Ground One is not barred by the

4    statute of limitations because it is based on the Supreme Court's decision on

5    January 22, 2007, in *Cunningham v. California*.  The statute of limitations may

6    start running on "the date on which the constitutional right asserted was initially

7    recognized by the Supreme Court, if the right has been newly recognized by the

8    Supreme Court and made retroactively applicable to cases on collateral review."

9    28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359,

10   125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005).  In *Dodd*, the Supreme Court

11   addressed a provision in 28 U.S.C. § 2255[1] that is materially identical to 28

12   U.S.C. § 2244(d)(1)(C):

13          The limitation period shall run from the latest of -

14          * * *

15          (3) the date on which the right asserted was initially recognized by

16          the Supreme Court, if that right has been newly recognized by the

17          Supreme Court and made retroactively applicable to cases on

18          collateral review.

19   The Court held that the statute starts running on the date the court recognizes the

20   right, not on the date the court makes it retroactively applicable.  *Id.* at 358.[2]

21   However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3)

22   only if the conditions in the second clause are met."  *Dodd*, 545 U.S. at 359.

23          Applying *Dodd* to the Petition, the Supreme Court decided *Cunningham* on

24   January 22, 2007.  For a petition based on *Cunningham* to be timely under 28

25

26          [1] Under section 2255, a federal prisoner may challenge his or her
     sentence as unconstitutional.

27

28          [2] "*Dodd* is equally applicable to section 2244(d)(1)(C)."  *Johnson v. Robert*,
     431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

1   U.S.C. § 2244(d)(1)(C), (1) it would have to be filed no later than January 22,

2   2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule

3   no later than January 22, 2008; and (3) the Supreme Court would have to declare

4   *Cunningham* retroactive no later than January 22, 2008.  *See Dodd*, 545 U.S. at

5   359 (applicant "will be time barred except in the rare case in which this Court

6   announces a new rule of constitutional law and makes it retroactive within one

7   year"); *Johnson*, 431 F.3d at 992 (statute runs from date that the right was initially

8   recognized, "even if the Court does not declare that right to be retroactive until

9   later").

10       The Supreme Court has not recognized *Cunningham* as a new rule.  The

11   Ninth Circuit has held that *Cunningham* did not announce a new rule.  *Butler v.

12   Curry*, 528 F.3d 624, 639 (9th Cir.), *cert. denied*, 77 U.S.L.W. 3359 (2008).  The

13   Court interpreted *Cunningham* as "simply appl[ying] the rule of *Blakely* to a

14   distinct but closely analogous state sentencing scheme."  *Id.* at 636.  The

15   Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct.

16   2531, 159 L. Ed. 2d 403 (2004), is not retroactive to Petitioner's case.[3]  Neither

17   Supreme Court decision provides an alternative start date for the statute of

18   limitations under 28 U.S.C. § 2244(d)(1)(C).

19

20       [3]  Neither *Blakely* nor *Cunningham* was decided before Petitioner's
21   conviction became final on October 27, 1999.  In *Blakely*, the Supreme Court held
     that the statutory maximum sentence means the maximum sentence a judge may
22   impose solely on the basis of facts reflected in the jury verdict or admitted by the
     defendant.  542 U.S. at 303.  *Blakely* does not apply retroactively to cases on
23   collateral review.  *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005).  In
     *Schardt*, the petitioner's conviction became final before *Blakely* was announced
24   on June 24, 2004.  *Id.* at 1034.  The Ninth Circuit rejected the argument that
     *Blakely* simply applied *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348,
25   147 L. Ed. 2d 435 (2000).  *Id.* at 1035.  Instead, the Court held that the rule
     established in *Blakely* "was **not** clearly established by a Supreme Court decision
26   at the time [petitioner's] case became final on direct appeal."  *Id.* at 1036-37
     (emphasis in original).  The Ninth Circuit held that "the Supreme Court
27   announced a new rule in *Blakely v. Washington* that does not apply retroactively
     to a conviction that was final before that decision was announced."  *Id.* at 1038.
28   *Cunningham* has not been made retroactive to cases on collateral review before
     *Blakely* was decided.

Therefore, the Petition is time-barred.  *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied"); *see Johnson*, 431 F.3d at 992 (applying *Dodd* under § 2244(d)(1)(C)).

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **February 26, 2009**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.  Petitioner's response must explain why his petition is not barred by the statute of limitations.

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.*

DATED: January 26, 2009

_____
ALICIA G. ROSENBERG
United States Magistrate Judge