**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID L. MOJARRO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SECRETARY, CALIFORNIA DEPT. OF CORRECTIONS AND REHAB.,<br><br>　　　　Respondent. | No. CV 09-541-VAP (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation (R&R), the Objections to the Report and Recommendation, and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

Petitioner points out that the Magistrate Judge held "[t]here is no [statutory] tolling from the time a petitioner's conviction becomes final to the filing of the first state habeas petition because there is no case 'pending' during that period." (R&R at 4.) Petitioner argues that the Magistrate Judge cited a case decided on February 15, 2007. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007). Petitioner appears to argue that he relied on the law existing prior to *Thorson*. (Objections at 2.) However,

*Thorson* did not establish a change in the law.  Rather, *Thorson* cited to a prior Ninth Circuit case decided on July 6, 1999, prior to the date Petitioner's conviction became final on January 25, 2000.  *Id.* at 646 (citing *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  In *Nino*, the Ninth Circuit also held that the "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct appeal and the time the first collateral challenge is filed because there is no case 'pending' during that interval."  *Nino*, 183 F.3d at 1006.

Petitioner therefore cannot establish that he "relied on then-binding circuit precedent" in deciding to delay filing a federal habeas petition or a state habeas petition in order to justify equitable tolling.  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir.), *cert. denied*, 129 S. Ct. 397 (2008).  Nor do the circumstances in *Harris* exist in Petitioner's case.  Petitioner did not file a state habeas petition until *after* expiration of the AEDPA's statute of limitations, a finding that Petitioner does not dispute.  (R&R at 3-4; Objections at 1.)  Accordingly, the issue in *Harris* – whether a state habeas petition deemed untimely by the state court is "properly filed" for purposes of 28 U.S.C. § 2244(d) – is not raised by the facts of Petitioner's case.

Petitioner's remaining objections are without merit.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:   March 31, 2009            _____
                                                      VIRGINIA A. PHILLIPS
                                                   UNITED STATES DISTRICT JUDGE

2